## UNITED STATES BATTERY COMPANY v. AMERICAN CASU-ALTY COMPANY OF READING, PENNSYLVANIA.

Submitted November term, 1923—Decided February term, 1924.

**Insurance—Burglary—Schedules Did Not Include All Articles Stolen—Fixtures as a Part of Property—Policy Held to Cover Loss.**

On rule to show cause from the Passaic Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Samuel D. Williams.*

*Contra, Ward & McGinnis.*

PER CURIAM.

The suit was upon a burglary insurance policy, which by its terms protected the plaintiff against all loss by burglary of merchandise described more particularly in the schedule annexed thereto, as well as furniture or fixtures on the premises. The schedule contains the following: "Description of stock to be insured, including [description of] furniture and fixtures, is storage batteries and parts, including raw materials for the manufacturing of same." The articles stolen were appliances used in the manufacture of the plaintiff's automobile product, and most of them were attached to the premises. It is now contended that these articles were not covered by the policy—(1) because they were not included in section 10 of the schedule, and (2) because if they were so included they were not fixtures within the meaning of that term. We think the policy covers fixtures, notwithstanding the omission of the description thereof in section 10 of the schedule. The first section of the policy shows that

it protected, not only the merchandise, but furniture and fixtures; and the fact that the fixtures were not specifically described in the schedule does not relieve the defendant from liability under the main provision of the policy, for it issued the policy in general terms, and it is responsible for the absence from the description of specific or detailed enumeration of items. It cannot take advantage of its own neglect so as to deprive the insured of the right given to him under the first section of the agreement, which comprehends in general terms the articles in question. The policy in this respect must be construed most strongly against the insurer. *Connell* v. *Commonwealth Casualty Co.,* 96 *N. J. L.* 510.

As to the second contention, that the articles stolen were not fixtures, it must suffice to say that undoubtedly some of them were within the meaning of the terms "fixtures," and as the only argument made before us in support of the contention that the rule should be made absolute is that the court should have directed a verdict or ordered a nonsuit, the fact that same of the articles were fixtures will support the refusal of the court to so charge, the rule being that when the request is too favorable, and therefore partly erroneous to the party making it, the court is justified in refusing it. *Schreiber* v. *Public Service Railway Co.,* 89 *N. J. L.* 183.

The rule will be discharged.